## Case No. 8,173.

### LEAVITT v. LOGAN.

[3 Wall. Jr. 184;[1] 19 Leg. Int. 404.]

Circuit Court, W. D. Pennsylvania. Nov. Term, 1855.

CONSTRUCTION OF WILL—LIFE ESTATE—REMAINDERS.

A devise to A., for her maintenance and support during life, and at her decease to became the property of B., not to be subject to sale or mortgage, but to descend to his children free and unencumbered; but in case he has none living at his death, to become the property of C., in fee simple, or of her heirs, if she be not then living. Held, to give 1st. A life estate to A. 2d. A similar estate to B. 3d. Remainder in fee to B.'s children, vested as to those born at the testator's death, and opening to let in others as they were born. And 4th. A contingent remainder to C. in fee.

[1] [Reported by John William Wallace, Esq., and here reprinted by permission.]

Logan made his will as follows: "I devise to my wife Julia Logan, for her maintenance and support, my house and lot, &c., during her life, and at her decease to become the property of Joshua Logan; the said property not to be subject to sale or mortgage, but to descend to his children, free and unencumbered; but in case he has no children living at his death, then and in that case to become the property of my daughter, Julia Richardson, in fee simple, or of her heirs, in case she be not then living."

The question was, what estates did these parties take respectively in the premises?

Mr. Shaler and Mr. Loomis, for complainant.

Mr. Williams, for defendant

GRIER, Circuit Justice. If the will had made no farther provision, than that on the decease of Julia Logan, the premises should become the property of Joshua Logan, it might well be construed as a gift of the remainder in fee to Joshua. But such an intention is manifestly inconsistent with the provision that the property, while in his hands, was not to be subject "to sale or mortgage." The words "descend to his children," might seem to imply that according to their strict legal meaning his children were to take by inheritance from their father. But such a construction would not fulfil the intention of the testator. Unless the children take as purchasers a remainder in fee, their title would be liable to be defeated by the father.

To fulfil the intention as clearly expressed, the will must be construed as giving, 1st. An estate for life to Julia Logan. 2d. To Joshua for life. 3d. Remainder in fee to the children of Joshua; vested as to those then born, and opening to let in the other children as they shall successively come into existence. 4th. And lastly, a contingent remainder in fee in Julia Richardson. Decree accordingly.